UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20613-CR-UNGARO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ROBERT MARQUEZ,**

    Defendant.
_____/

## ORDER DENYING MOTION FOR BOND AND DETENTION ORDER

Defendant ROBERT MARQUEZ initially stipulated to an Order of pretrial detention, reserving the right to a full detention hearing at a later date (DE # 57). Thereafter, he filed a Motion for Bond, invoking his right to a detention hearing (DE # 224). Pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), on January 4, 2011, a hearing was held to determine whether Defendant ROBERT MARQUEZ should be detained prior to trial. The government sought detention based on risk of flight and danger to the community. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required, or the safety of the community. Therefore, the Motion for Bond is DENIED, and it is hereby ordered that Defendant ROBERT MARQUEZ be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. Defendant ROBERT MARQUEZ and 11 co-defendants are charged in an 8-count Indictment with various drug trafficking offenses. Specifically, MARQUEZ is charged with conspiracy to import at least five kilograms of cocaine and one kilogram of heroin

between September 2006, and October 2006, in violation of 21 U.S.C. § 963 (Count 1); importation of at least five kilograms of cocaine on September 28, 2006, in violation of 21 U.S.C. § 952(a) (Count 3); importation of at least five kilograms of cocaine and one kilogram of heroin on October 10, 2006, in violation of 21 U.S.C. § 952(a) (Count 4); conspiracy to possess with intent to distribute at least five kilograms of cocaine and one kilogram of heroin between September 2006, and October 2006, in violation of 21 U.S.C. § 846 (Count 5); possession with intent to distribute at least five kilograms of cocaine on September 21, 2006, in violation of 21 U.S.C. § 841(a)(1) (Count 6); possession with intent to distribute at least five kilograms of cocaine on September 28, 2006, in violation of 21 U.S.C. § 841(a)(1) (Count 7); and, attempted possession with intent to distribute at least five kilograms of cocaine and one kilogram of heroin on October 10, 2006, in violation of 21 U.S.C. § 846 (Count 8).  Each of these offenses carries a mandatory minimum sentence of ten years' imprisonment and a maximum potential sentence of life imprisonment.   According to the government, the amount of cocaine involved in the shipments alleged in the Indictment is 55 kilograms, but this defendant is responsible for more than that amount, based upon the statements made by cooperating co-conspirators; and, the government estimates that the applicable offense level under the Sentencing Guidelines is a level 40.  Therefore, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

  2.  Probable cause to believe that the Defendant committed this offense was established by the Indictment; and, at the detention hearing by the proffer of the Assistant United States Attorney and the testimony of Special Agent Manuel Orta, of Homeland Security Investigations. The weight of the evidence appears very strong, since

it is based on the testimony of several cooperating co-conspirators who are corroborated by recorded conversations and prior seizures. The undersigned recognizes, however, that none of the recorded conversations contain the voice of this Defendant or mention this Defendant by name, nor do any of the documents refer to this Defendant by name.

According to the factual proffer and testimony presented at the detention hearing, this Indictment involves multiple loads of cocaine and heroin which were imported into Miami International Airport. Specifically, 35 kilograms of cocaine were removed from the airport in September 2006, transported to the house of a co-defendant, and then distributed to defendant MARQUEZ, who received ten kilograms, and others who received the remainder. In October 2006, another load containing 20 kilograms of cocaine and five kilograms of heroin was imported and seized at the airport. Initially, two of the participants in this scheme cooperated with the government and made a series of recorded undercover telephone conversations with other participants who unknowingly corroborated their statements. Other co-conspirators have since cooperated, and corroborated this information as well, including the involvement of defendant MARQUEZ. Regarding the extent of the involvement of MARQUEZ in drug trafficking, co-conspirator Maceo has stated that he (Maceo) received approximately 50 kilograms of cocaine weekly, and then he provided 10 kilograms of cocaine weekly to MARQUEZ. There are at least five co-conspirators who have corroborated the involvement of MARQUEZ in this drug trafficking conspiracy.

3. The pertinent history and characteristics of the Defendant are taken from the Pretrial Services Report, which is incorporated herein by reference.

The Defendant was born in Minnesota in 1980, and has been a resident of South

Florida since 1990.  His parents and sister reside in Miami, but he maintains little contact with his sister and father.  He has been involved in a relationship for the past eleven years, and has three children under the age of 8 years old.  He works as a self-employed barber, and has no assets.  During the past five years, he has traveled once to Cuba for religious purposes and once to Mexico for vacation.

According to the pretrial services report, the Defendant has a significant juvenile criminal history, involving delinquency adjudications beginning at age 14 for burglary of an unoccupied dwelling; battery on a school employee; assault and battery; burglary of an unoccupied conveyance; and burglary of an unoccupied dwelling.  In 1997, he was arrested at age 16 for attempted second degree murder and throwing a deadly missile, and this case was transferred to adult court.  He was convicted as an adult, and sentenced to two years of imprisonment and four years of probation.  Subsequently, he violated probation and was sentenced to an additional 90 days in jail.  He was convicted of disorderly conduct in 1999 and 2000, and sentenced to time served for each offense.  He presently has charges pending in State court for aggravated assault on a police officer or fireman and  trafficking in cannabis, based upon an arrest on October 7, 2009; and, for attempted armed trafficking of cannabis and resisting an officer without violence, based upon an arrest on January 31, 2010.

4.  The Court finds that the government has proven, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required.

The weight of the evidence is substantial, and as stated above, the Defendant faces a lengthy term of imprisonment if convicted on these charges, which provides a strong incentive to flee.  He has no stable employment, owns no property, has ties to

Cuba as evidenced by his travel there for religious purposes, and has violated the terms of probation in the past, evincing a disregard for lawful authority. Therefore, based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that although the Defendant has ties to South Florida, those ties are outweighed by his lack of stability and the prospect of a lengthy sentence. Thus, the Defendant has failed to rebut the statutory presumption of detention and presents a risk of flight, such that there are no conditions of release, or combination of conditions that would reasonably assure his presence in court to face these charges.

    5. There is also clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released before trial. The Defendant's participation in the drug trade demonstrates Defendant's disregard for the well-being of the community since the purchase and sale of addictive and dangerous controlled substances is inherently harmful to society. He was an active participant in this offense and was involved in the regular distribution of significant quantities of cocaine, as reflected by the information provided by numerous co-conspirators. Moreover, at the time of his arrest on these charges, he had also been charged with committing two other drug trafficking offenses, which remain pending in state court. These facts, combined with the statutory presumption, establish by clear and convincing evidence that there are no conditions of release which would reasonably assure the safety of the community. Therefore, the Court concludes that the Government has established by clear and convincing evidence that there are no conditions of release which would reasonably assure the safety of the community. 18 U.S.C. § 3142(g)(4).

    Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that the Motion for Bond (DE # 224) is **DENIED**.

The Court hereby directs:

(a)  That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Miami, Florida, on January 24, 2011.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro,
    United States District Judge
Counsel of Record
Pretrial Services